IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

THE ROCK PLACE II, INC.,

Plaintiff,

vs.

SANITARY AND IMPROVEMENT DISTRICT
NO. 596,

Defendant.

8:20CV304

MEMORANDUM AND ORDER
REGARDING PLAINTIFF'S
OBJECTIONS TO MAGISTRATE
JUDGE'S ORDER

This case began as a suit by the Rock Place II, Inc., (Rock Place) against Woodsonia-204 Center, LLC, Sanitary and Improvement District No. 596 (SID 596), and members of SID 596's Board of Trustees. Following several dispositive motions, Rock Place's suit has been whittled down to an unlawful taking claim against SID 596. *See* Filing 148. The case is now before the Court on Rock Place's Objections to Magistrate Judge's Order, Filing 203, which overruled Rock Place's objections to seventeen document requests in a Second Amended Notice of Deposition Duces Tecum pursuant to Federal Rule of Civil Procedure 30(b)(6). For the reasons stated below, Rock Place's Objections are overruled, and the Magistrate Judge's oral ruling on the record, *see* Filing 201, and memorialized in an Order, Filing 198, is affirmed.

I.   INTRODUCTION

A.  The Rule 30(b)(6) Deposition Dispute

The parties' dispute over the document requests in the Rule 30(b)(6) Deposition Notice began in 2022 when the discovery deadline was set for May 1, 2023, Filing 150, and trial was set for July 11, 2023, Filing 152. On December 30, 2022, then-United States Magistrate Judge Susan M. Bazis held a telephone conference regarding a discovery dispute. Filing 154. After that conference, Judge Bazis entered a text order that among other things directed the parties to

1

"confer regarding the Rule 30(b)(6) deposition topics and the identity of the deponents." Filing 155. That text order did not comment on the document request in the Notice. *See* Filing 155. On January 13, 2023, Rock Place filed Objections to Defendant's Amended Notice to Take Federal Rule of Civil Procedure 30(b)(6) Deposition of the Rock Place II, Inc., with Document Request. Filing 159. Although the original notice to take a Rule 30(b)(6) deposition does not appear to be in the record, the Amended Notice found in Rock Place's later submissions identified thirty-three topics and required the deponent to appear with seventeen categories of documents. Filing 198-6 at 69–75. Rock Place objected to all thirty-three topics and all seventeen categories of documents in a filing with the Court. Filing 159 at 1–7. Rock Place's general objections to the document requests included that "the Requests are overly broad, unduly burdensome, and seek information that is not likely to lead to discoverable information, pertains to a third party, not relevant to the claims at issue, and is not proportional to the needs of the case when considering the factors articulated in FRCP 26(b)(1)." Filing 159 at 2. Rock Place also made brief objections to each category of documents requested, often on the basis that they were "irrelevant, overly broad, and unduly burdensome" but offering no elaboration. Filing 159 at 2–4.

Judge Bazis scheduled a telephone conference on the dispute for January 26, 2023, Filing 161, but she thereafter continued the conference until February 2, 2023, "to allow the parties time to confer with their clients," Filing 162. After another discussion with counsel, the discovery hearing scheduled for February 2, 2023, was cancelled. Filing 163. Neither the text order after the January 26, 2023, discussion nor the text order reflecting another conference and leading to cancellation of the February 2, 2023, conference mentioned a dispute about the document requests in the Amended Notice. Pursuant to a Stipulation to Stay and to Cancel Trial filed February 8, 2023, Filing 164, this case was stayed, the trial was cancelled, and all discovery

and related discovery and progression deadlines were suspended by Order dated February 23, 2023, Filing 165.

More than a year later, on May 30, 2024, United States Magistrate Judge Michael D. Nelson, to whom the case had been reassigned for pretrial management, reinstated the case on Rock Place's motion, and set trial for March 11, 2025. Filing 181; Filing 183. On September 26, 2024, SID 596 requested a conference to discuss deposition issues for Rock Place's Rule 30(b)(6) designee. Filing 188. Judge Nelson held a telephone conference on October 1, 2024, at which he heard "[d]iscussion and arguments . . . regarding the parties' dispute over Defendant's Rule 30(b)(6) deposition of Plaintiff." Filing 190. Judge Nelson's Order stated further,

> As stated on the record during the call, the Court found that the deposition should proceed in person in Omaha on a date mutually agreed upon by the parties. Defendant shall file an amended notice of deposition once they agree upon a date. The deposition deadline for the Rule 30(b)(6) deposition and for expert depositions is extended to December 16, 2024.

Filing 190. Again, this order did not mention a dispute about the document requests in the Amended Notice.

On October 2, 2024, SID 596 filed its [Second] Amended Notice to Take Federal Rule of Civil Procedure 30(b)(6) Deposition of The Rock Place II, Inc., with Document Requests. Filing 192. Comparison of the [Second] Amended Notice from October 2024, Filing 192, with the Amended Notice from January 2023, Filing 198-6 at 69–75, shows that the topics and the document requests in the two Notices are identical. On October 2, 2024, Rock Place filed its Objections to Defendant's [Second] Amended Notice to Take Federal Rule of Civil Procedure 30(b)(6) Deposition of the Rock Place II, Inc., with Document Request. Filing 193. Rock Place's October 2024 Objections, Filing 193, are essentially identical to its January 2023 Objections to the Amended Notice, Filing 159, although Rock Place added that "[t]he request for production further violates Federal Rule of Civil Procedure 30(b)(2) and Federal Rule of Civil Procedure

3

34(b)(2)(a)." Filing 159 at 1. Thus, Rock Place again objected to all thirty-three topics and all seventeen categories of documents, including objections to the document requests as "irrelevant, overly broad, and unduly burdensome," but again Rock Place provided no elaboration of those objections. Filing 193 at 1–7.

Prior to a conference scheduled for October 8, 2024, both parties submitted materials in support of their positions. *See* Filing 198-1 through Filing 198-6.

### B.  The October 2024 Hearing and Judge Nelson's Ruling

On October 8, 2024, Judge Nelson heard "[d]iscussion and arguments . . . regarding Plaintiff's objections to Defendant's Rule 30(b)(6) deposition notice topics." Filing 196. "For the reasons stated on the record during the call, the Court overruled Plaintiff's objections." Filing 196. Also on October 8, 2024, Judge Nelson entered a further Order memorializing his ruling that "[p]ursuant to the Court's ruling as stated on the record during the October 8, 2024, telephone conference, Plaintiff's Objections (Filing No. 193) to Defendant's Amended Rule 30(b)(6) Deposition Notice (Filing No. 192) are overruled." Filing 198.

The transcript of the October 8, 2024, conference reflects that Rock Place's Rule 30(b)(6) designee is Mr. Haffke. Filing 201 at 2:17–21. Judge Nelson provided an extensive survey of the history of the Rule 30(b)(6) deposition dispute. Filing 201 at 3:17–5:17. Judge Nelson framed the issue by stating, "Now we have an issue whether the plaintiff can properly object to the topics and document requests again." Filing 201 at 5:3–4. He also observed,

> I will say that the notice of deposition and the objection to the topics and production of documents are exactly the same. And it is true that Plaintiff objects to every single one of the topics and every single one of the items -- or documents that are requested be provided for the deposition.

Filing 201 at 5:12–16.

Judge Nelson then posed the following preliminary question to SID 596's counsel:

> [SID 596's counsel], what have you done as far as looking to see what documents that you've requested that may have already been provided to identify those by Bates stamp number and to otherwise make an effort so that the deposition can be streamlined?

[Filing 201 at 5](#):20–24. SID 596's counsel responded with the following statement of what SID

596 viewed as the "key issue":

> I've certainly prepared for the deposition as best I could, but the challenge I -- I face is I issued a substantial number of document requests via Rule 34 and alls I got was 10,000 imaged pages[1] without any indication which document is responsive to which request, so I've -- I've endeavored to try and guess which ones go with which, but I really don't want to guess, particularly on some of the key topics, so my hope was, is during the deposition I was – and I -- I'm prepared to do this, to answer your question, is I was going to ask Mr. Haffke, on the ones that aren't clear, to me, what is this document -- which one does this respond to or, conversely, which documents have you produced that respond to the question of your defense of X or your claim of Y, and that's what I'm -- that's what I prepared for and, quite frankly, that's what I'm struggling with.
>
> And I just -- I think that's really the key issue here.
>
> I noticed in [Rock Place's counsel's] papers he said they did a big effort to just produce all these documents and it's up for me to guess which document satisfies which document request and I just don't think that's -- I don't think that's appropriate. I think his burden was to say these respond to number 2, these respond to number 3.
>
> So that's my position. Thank you.

[Filing 201 at 5](#):25–6:22.

Later in the course of the conference, Judge Nelson asked counsel for Rock Place, "[I]s

that true then, that there was one set of request[s] for production [of] documents, you provided a

response, and—and—and it hasn't been something that's come before the Court since?" [Filing](#)

---

[1] The statement that SID 596 had received 10,000 imaged pages in response to its requests for production was an exaggeration. Rock Place more accurately stated that it had already produced "6700 pages of documents" two years ago. [Filing 201 at 17](#):5–7; *see also* [Filing 204 at 7](#) ("In this case, RP II served its Initial Disclosure Statement on March 25, 2021, with 1,758 bate stamped documents. In this case, RP II responded to SID 596's 13 Requests for Production on February 15, 2022, producing another 4,866 bate stamped documents for a total of 6,624 documents in this case alone." (internal citations omitted)).

201 at 8:8–11. Counsel for Rock Place responded setting out Rock Place's position on the matter

as follows:

> Yeah, I -- correct, Your Honor. And that's one of my concerns is it sounds like now the -- now the argument has shifted to, well, your discovery responses weren't sufficient or should have been different. Well, if that's true -- I don't believe it is -- that issue should have been taken up a very long time ago. Instead, there was never any complaints or concerns. The remedy was to serve an entirely new set [with the deposition notice] after all of the discovery deadlines had disclosed [sic], despite our objections that we made in the actual responses to the request for production and despite the fact that – that nobody ever moved to compel our initial discovery responses.
>
> And then what [SID 596's counsel] is asking us to do can't be done in two days, it can't be done in ten days, it probably can't be done in 30 days, and it shouldn't have to be done.
>
> We met our burden. Nobody ever complained about the sufficiency of our responses. We should be preparing for deposition and then preparing to try this case, not essentially restarting discovery or going through all of the stuff we produced more than two years ago. You know, things have changed now. Memories are different. My client moved to Mexico. He doesn't own the business. I mean, that's an onerous task to impose upon him.

Filing 201 at 8:12–9:8.

After some further discussion, Judge Nelson made the following oral ruling on Rock

Place's Objections to Defendant's [Second] Amended Notice to Take Federal Rule of Civil

Procedure 30(b)(6) Deposition of the Rock Place II, Inc., with Document Request:

> Okay. So again, I mean, I could allow you both to continue to make arguments but I think you've done a good job in your emails, letters, and attachments in advance of today's call.
>
> From the Court's perspective, once it became known that the case needed to start back up, the 30(b)(6) deposition needed to happen. The parties agreed to that. There were discussions about having it in August of this year. As – from the discovery dispute conference that we just had a week ago, the dispute was whether it should happen in person or remotely because a new notice had not been served or -- or sent and [SID 596's counsel] didn't respond to the email saying that the 22nd would work better than 21st. [SID 596's counsel] was under the impression that he didn't need to respond, that they were a -- a go for the 22nd until he got the email on the 20th saying that it's canceled because there wasn't a response.

We scheduled the matter for a discovery dispute conference. I asked for submissions. We had arguments. I made a ruling.

It was clear that the issue, both before that discovery dispute conference and during that dis- -- discovery dispute conference, that Defendant intended to have the same topics and the same requests for production. And we discussed that. It was brought up that there had been objections to that, that that had been a subject for scheduled discovery dispute conferences before Magistrate Judge Bazis, and that ultimately those didn't actually happen when the case was essentially stayed.

And really, it -- the whole issue wasn't about the topics or the documents that were being requested. The issue was whether there was a confirmation for that deposition date. And then, once it didn't happen, whether the deposition was gonna take place remotely or in person.

At no time has the issue about objections, was that brought before the Court. That certainly is something that, from my perspective, should have been brought to the Court before and during the October 1st discovery dispute conference.

I told [SID 596's counsel] to file a notice so that we would have a notice filed exactly where and how the deposition was gonna take place, when it was gonna take place, so that the sole designee -- there would be no confusion with regard to that.

The deposition notice has the same exact topics and the same exact documents that were being requested to be produced at the deposition. The same objections were filed a day later, after the notice was filed. But from the Court's perspective, that no longer was an issue. And whether you say it was an agreement or a waiver, I -- I certainly think that that was no longer an issue. And if it was an issue, it should have been brought to the Court's attention at or during the October 1st, 2024, discovery dispute conference.

In addition, I don't -- yeah, from the merit standpoint of it, I -- I think the objections -- when you object to every single topic and every single document that's been requested, I simply think that those objections -- every single one of 'em should be overruled, and I do overrule them.

But specifically, I find that the issue about objections were [sic] waived by failure to bring that to the Court's attention.

Now we have Mr. Haffke again, who has presumably bought a round-trip airline ticket to come to Omaha for his long-awaited 30(b)(6) dep- -- or for the long-awaited 30(b)(6) deposition of Plaintiff in which Mr. Haffke's been identified as the designee. It's gotta happen.

So [SID 596's counsel] has all of those documents in a format that he can retrieve. The documents were produced at least two years ago in request for production of document responses, and the parties will simply have to do the best to get through that deposition within the seven hours allotted for it.

If Plaintiff has objections during the deposition, certainly the rules allow for him to make those objections. And if necessary, that can be brought before the Court's -- brought to the Court's attention again. And if necessary, if any of the objections are overruled, that could lead to the necessity of a follow-up day for additional questioning.

With regard to the argument that the time frame has passed for written discovery pursuant to Rule 34 and that this is an end-around for that, I've always taken the position that a properly noticed 30(b)(6) deposition can request documents and that that is outside the time frame for a deadline for written discovery, so to the extent that Plaintiff makes that argument, it's overruled.

I will say that the Plaintiff's production pursuant to Rule 34, if that was an issue, it probably should have been brought to the Court's attention, first, pursuant to the case management practices for an oral -- or, excuse me, for an informal discovery dispute conference so that the Court can make a determination as to whether that could be handled in that fashion or whether a protective order or a motion to compel would have been granted leave for. But we are where we are now. And from the Court's perspective, that's the appropriate response to the objections that have been lodged.

So I guess, [Rock Place's counsel], you'll have to get your client's designee prepared as best as possible for the 30(b)(6) deposition. And, [SID 596's counsel], you will have to prepare yourself as best you can so that you can get through this in seven hours time, understanding that you've got a full set of – of responses to your previous requests for production of documents.

So that will be the Court's ruling.

Filing 201 at 11:15–15:12.

When Judge Nelson asked if the parties needed any clarification, Rock Place's counsel

asked whether Rock Place was required to produce again documents that it had already

produced. Filing 201 at 15:13–25. Judge Nelson answered, "No," then added,

If they've been produced, then you can identify them the best you can and -- you know, and [SID 596's counsel] has indicated that he's hoping to untangle this by utilizing the documents were previously been produced [sic] and to be able to ask questions about that and hopefully be able to untangle this and get through this in seven hours time.

8

Filing 201 at 16:3–8. Despite having just been assured that Rock Place did not have to produce

again any documents that it had already produced and that SID 596 was going to utilize the

documents already produced, Rock Place's counsel apparently still believed that additional

production of documents would be required. Rock Place's counsel protested that "it can't be – it

can't be done" and that "the burden that that imposes on my office and my client is astronomical,

especially since Mr. Haffke is asking -- or [SID 596's counsel] is asking for records up to today.

We don't own the business. We don't have those records. They're not relevant." Filing 201 at

16:12–19; *see also* Filing 201 at 17:1–11 (explaining that Rock Place had not produced

documents from the time of its original response until 2024 and complaining that "I have to go

through all 6700 pages of documents that we already produced two years ago to see what has

been produced and what hasn't been produced" at great expense in time and fees). However, SID

596's response indicated that the issue was documents already produced not the production of

additional documents by stating, "I'm sure at some point [Rock Place's counsel] made a decision

that these documents respond to this request." Filing 201 at 18:7–8.

> Judge Nelson concluded the conference with the following statements,
>
> So the Court would approve that if -- if the parties agree to delay that
> 30(b)(6) deposition, the Court approves that and the parties should meet and
> confer and work through the issues with regard to the documents so that -- be it --
> the matters that are at dispute are resolved and the deposition can take place.
>
> I -- so that'll be the Court's ruling. I'll upload the audio file. I'll -- I'll
> make sure that the submissions are made part of the record.
>
> And you certainly have a right on behalf of your client, [Rock Place's
> counsel], to file an objection, but part of the ruling is that -- that the parties are
> granted leave to re-notice the 30(b)(6) deposition for a later date, 30 to 45 days
> from the scheduled date of October 11th, to try to resolve these matters and... [sic]
>
> So with that said, do you need any additional clarifications?

Filing 201 at 20:8–23. Neither party requested any further clarification. Filing 201 at 20:24–21:1.

On October 15, 2024, SID 596 filed its Notice of Postponement of the October 11, 2024, 30B6 [sic] Deposition of Plaintiff to be Conducted in Omaha (*Michael Haffke, Sole Designee*), without specification of a new date. Filing 202. A transcript of the October 8, 2024, conference was prepared and filed on October 10, 2024, and on October 22, 2024, Rock Place filed its Statement of Objections to Magistrate Judge's Order, Filing 203, now before the Court. SID 596 filed its Brief in Opposition to Plaintiff's Statement of Objections to Magistrate Judge's Order, Filing 209, on November 1, 2024. The Court now turns to its ruling on Rock Place's Objections.

## II. LEGAL ANALYSIS

### A. Applicable Standards

A district court may refer a nondispositive "pretrial matter" to "a magistrate judge to hear and determine." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Circuit Courts of Appeals "lack jurisdiction when a party fails to object to a magistrate judge's pretrial order and tries to appeal anyway." *Devine v. Walker*, 984 F.3d 605, 608 (8th Cir. 2020). Thus, "without a 'decision[ ] of [a] district court[ ],' 28 U.S.C. § 1291, [the Circuit Courts of Appeals] lack jurisdiction to proceed any further" on an objection to a magistrate judge's non-dispositive ruling. *Id.*; *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

On the other hand, "[a] district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)). Specifically, 28 U.S.C. § 636(b)(1)(A) provides as follows:

(b)(1) Notwithstanding any provision of law to the contrary--

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, [with exceptions not relevant here]. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it

has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). Similarly, Federal Rule of Civil Procedure 72(a) provides, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In other words, "[a]s long as [a party] filed objections . . . the district court ha[s] no choice but to consider them." *Devine*, 984 F.3d at 607.[2]

This Court has previously explained the applicable standard of review for a magistrate judge's non-dispositive ruling as follows:

> The Eighth Circuit Court of Appeals has explained that a finding of fact is clearly erroneous "only when [the court is] left with a 'definite and firm conviction that a mistake has been committed.'" *United States v. Gray*, 59 F.4th 329, 332 (8th Cir. 2023) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *Doe v. United States*, 58 F.4th 955, 963 (8th Cir. 2023) (explaining that findings are not clearly erroneous when "[v]iewing the record as a whole, '[the court is] not left with the definite and firm conviction that a mistake

---

[2] The applicable local rule imposes specific requirements on objections to a magistrate judge's orders, as follows:

> 72.2 Objections to Magistrate Judge's Order or Findings and Recommendations.
> (a) Statement of Objections.
> A party may object to a magistrate judge's order in a nondispositive matter or findings and recommendation in a dispositive matter by filing a "Statement of Objections to Magistrate Judge's Order" or "Objections to Magistrate Judge's Findings and Recommendations" within 14 days after being served with the order or findings and recommendations, unless the order or recommendation states a different time. The party must specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections. The statement of objections should also indicate whether the objecting party relies on a previously or newly filed brief. Unless ordered otherwise, an opposing party may file an opposing brief within 14 days of being served with the statement of objections. This brief may refer to previously filed briefs. The objecting party may not file a reply brief without the court's leave.

NECivR 72.2(a). NECivR 72.2(b)(1) provides, "A party may not offer additional evidentiary materials without a court order" when objecting to a non-dispositive order. NECivR 72.2(c) provides,

> The filing of a statement of objections to a nondispositive order does not stay the magistrate judge's order pending resolution of the statement of objections. The magistrate judge whose order is objected to decides a motion for stay pending the resolution of the statement of objections. If the magistrate judge denies the motion for stay, the party may address the motion to the assigned district judge.

NECivR 72.2(c).

has been committed.' ") (quoting *United States v. Finley*, 612 F.3d 998, 1003 (8th Cir. 2010)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted).

*Benson v. City of Lincoln*, 343 F.R.D. 595, 607 (D. Neb. 2023).

## B.  Summary of Rock Place's Objections

In its Statement of Objections to Magistrate Judge's Order, Rock Place makes clear that it "does not object to the Magistrate [Judge's] ruling on the thirty-three (33) deposition topics contained in the Notice as [Rock Place] will endeavor to discuss those topics to the best of its ability." Filing 203 at 1. On the other hand, in both its Statement of Objections and its supporting brief, Rock Place objects to the seventeen document requests for the following reasons:

> (1) they came years after the discovery deadline expired; (2) are unnecessary and largely cumulative; (3) [Rock Place] furnished extensive disclosures and discovery responses in this and three related cases; (4) they are facially overly broad and unlimited in time; (5) they seek irrelevant information, including on topics already excluded by this Court, from third parties, and through today's date despite the parties stipulation to a valuation date of February 14, 2019 (Doc. 157); and (6) they would impose a substantial and disproportional burden on [Rock Place] and its counsel.

Filing 203 at 1; Filing 204 at 1. In its Statement of Objections, Rock Place summarizes the legal basis for its objections as follows:

> The legal basis for the objections includes that the rulings are unsupported by the facts in the record and contrary to the law, including this Court's Scheduling and Progression Orders, Local Rule 7.3, Local Rule 29.1, FRCP 26(b)(1), FRCP 34, and FRCP 37.

Filing 203 at 2.

Rock Place's supporting brief raises three principal arguments. First, Rock Place asserts that representations that its counsel agreed to waive its objections to the document requests are not true. Filing 204 at 2. Second, and relatedly, Rock Place argues that it has timely and continuously asserted its objections to the Notice of Rule 30(b)(6) Deposition. Filing 204 at 4.

Third, Rock Place argues that the document requests are untimely and would constitute an unnecessary and unreasonable burden upon Rock Place. Filing 204 at 6. SID 596's brief in response to Rock Place's Objections addresses in turn each of Rock Place's six reasons for objecting to the document requests in the Notice. *See generally* Filing 209.

The Court will address Rock Place's three principal arguments in turn. In doing so, the Court will address Rock Place's six specific objections to the extent that they are encompassed by Rock Place's arguments.

### C. Judge Nelson's Ruling on Waiver of Objections Was Not Clearly Erroneous or Contrary to Law

Rock Place's first argument in support of its Objections is that it never agreed to waive its objections to the document requests in the deposition notice. Filing 204 at 2. Rock Place's second argument is similar. It is that Rock Place has timely and continuously asserted its objections to the Notice, contrary to Judge Nelson's determination that Rock Place's "objections were waived by failure to bring th[em] to the Court's attention." Filing 204 at 4 (citing Filing 201 at 13:20–21). The Court disagrees with Rock Place as to both contentions.

#### 1.    *Rock Place's Argument*

Rock Place disputes SID 596's contention that there was an agreement by counsel regarding Rock Place's objections to the Notice that was confirmed by then-Magistrate Judge Bazis. Filing 204 at 2. Rock Place argues that none of the filings cited by SID 596 in its written submission—on which Judge Nelson relied—mentions the parties' purported agreement to proceed with the Amended Rule 30(b)(6) deposition notice including the topics and documents requested. Filing 204 at 2. Rather, Rock Place contends that it "has specifically and vehemently objected to the Notice, particularly the Requests, because they are unnecessary and would impose a substantial burden upon [Rock Place] and its counsel" and that Rock Place "did not

suddenly decide to withdraw all of the specifically crafted objections, which is exactly why the record is devoid of any evidence showing [its counsel] did so." Filing 204 at 3. Rock Place argues that this dispute over whether there was any agreement to waive objections is controlled by NECivR 7.3, which concerns stipulations and agreements, and NECivR 29.1, which concerns discovery stipulations. Filing 204 at 4.

In support of its related argument that it has timely and continuously asserted its objections to the Notice, Rock Place lists the times it objected to the Notice over a period of nearly two years. Filing 204 at 5. Indeed, Rock Place argues that pursuant to Federal Rule of Civil Procedure 30(c)(2) it has until the beginning of the deposition to preserve its objections. Filing 204 at 5. Rock Place argues that it was SID 596 that waived its position on the document requests because SID 596 never proceeded with a discovery dispute in front of Judge Bazis or otherwise moved to compel Rock Place to respond to the document requests in the way that SID 596 wanted. Filing 204 at 5–6.

> 2.    *Judge Nelson Did Not Clearly Err in Finding a Waiver When Objections to the Document Requests Were Not Raised on October 1, 2024*

The Court concludes that Rock Place is mistaken about the specific basis on which Judge Nelson found a waiver of the objections to the document requests The Court also concludes that Judge Nelson's finding of a waiver was not clearly erroneous or contrary to law.

Whether Rock Place had "continuously" and "vehemently" maintained its objections to the document requests in the Notice of Rule 30(b)(6) Deposition prior to October 1, 2024, is simply beside the point. As set out above *verbatim* Judge Nelson observed that the Notice and the objections to it were exactly the same throughout the pendency of the issue. Filing 201 at 13:6–9. He then provided two reasons for finding a waiver of Rock Place's objections at or during the October 1, 2024, discovery dispute conference. Filing 201 at 13:9–21.

First, Judge Nelson stated,

> [F]rom the Court's perspective, [the objection to the document requests] no longer
> was an issue. And whether you say it was an agreement or a waiver, I -- I certainly
> think that that was no longer an issue. And if it was an issue, it should have been
> brought to the Court's attention at or during the October 1st, 2024, discovery
> dispute conference.

Filing 201 at 13:9–14. Thus, Judge Nelson specifically found "that the issue about objections
were [sic] waived by failure to bring that to the Court's attention" on October 1, 2024. Filing 201
at 13:20–21.

That finding was neither clearly erroneous nor contrary to law. *See* 28 U.S.C.
§ 636(b)(1)(A); Fed. R. Civ. P. 72(a). In numerous contexts, the Eighth Circuit has found a
waiver, forfeiture, or abandonment of an argument that a party did not timely raise. *See, e.g.,*
*Robinson v. Norling*, 25 F.4th 1061, 1062–63 (8th Cir. 2022) (explaining that a party forfeits an
argument when the party fails to timely assert it); *Smith v. SEECO, Inc.*, 922 F.3d 406, 413 (8th
Cir. 2019) (finding that a party forfeited an argument about untimely disclosure of a document
when the party failed to object to two witnesses' discussing their knowledge of the document);
*Captiva Lake Invs., LLC v. Fid. Nat'l Title Ins. Co.*, 883 F.3d 1038, 1050 n.4 (8th Cir. 2018)
(finding a real-party-in-interest argument was waived when it was untimely raised). Similarly, in
the discovery context, courts in this District have found waiver of untimely objections. *See, e.g.,*
*Timm Grandview, LLC v. AmGUARD Ins. Co.*, No. 8:20CV197, 2021 WL 1120940, at *6 (D.
Neb. Mar. 23, 2021) (finding a party waived any objection to production of material by failing to
make a timely objection); *Bennie v. Munn*, No. 4:11CV3089, 2013 WL 3766537, at *2 (D. Neb.
July 16, 2013) (explaining that failure to timely object to discovery may result in a waiver of
objections, including those based on attorney/client privilege), *objections overruled*, No.
4:11CV3089, 2013 WL 4761383 (D. Neb. Sept. 4, 2013). Consequently, this Court is not "left
with a 'definite and firm conviction that a mistake has been committed'" in Judge Nelson's

determination that Rock Place should have raised its objections to the document requests when the dispute over the Rule 30(b)(6) deposition was before him on October 1, 2024, if the document requests were still in dispute. *See Gray*, 59 F.4th at 332 (defining "clearly erroneous" (citing *U.S. Gypsum Co.*, 333 U.S. at 395)). Rock Place's objection to Judge Nelson's finding of a waiver for failure to raise the issue during the conference on October 1, 2024, is overruled.

The second reason Judge Nelson gave for finding a waiver was the following:

> In addition, I don't -- yeah, from the merit standpoint of it, I -- I think the objections -- when you object to every single topic and every single document that's been requested, I simply think that those objections -- every single one of 'em should be overruled, and I do overrule them.

Filing 201 at 13:15–19. In rejecting such blanket objections, the District Court for the Northern District of Iowa explained, "[T]he party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *St. Paul Reinsurance Co. v. Com. Fin. Corp*., 198 F.R.D. 508, 512 (N.D. Iowa 2000) (internal quotation marks and citations omitted)). This Court has likewise recognized that general objections that are insufficiently specific to individual discovery requests are improper and may be disregarded by the Court. *Wells Fargo Bank, N.A. v. Ameritas Life Ins. Corp.*, No. 4:21CV3118, 2023 WL 8528604, at *4 n.4 (D. Neb. Dec. 8, 2023) (citing *Wagner v. Dryvit Sys., Inc*., 208 F.R.D. 606, 610 (D. Neb. 2001); *Lynch v. Experian Info. Sols., Inc*., 569 F. Supp. 3d 959, 963 (D. Minn. 2021), *aff'd*, 581 F. Supp. 3d 1122 (D. Minn. 2022); *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 512 (D.S.D. 2015); and *St. Paul Reinsurance Co.*, 198 F.R.D. at 514). In other words, offering only blanket or general objections is effectively a forfeiture of any objection.

Again, this ground for overruling Rock Place's objections to the document requests in the Notice of Rule 30(b)(6) Deposition was not contrary to law, nor does it leave the Court "with a

16

'definite and firm conviction that a mistake has been committed'" in Judge Nelson's determination to overrule Rock Place's objections. *See Gray*, 59 F.4th at 332 (defining "clearly erroneous" (citing *U.S. Gypsum Co.*, 333 U.S. at 395)). Prior to October 1, 2024, Rock Place had made only general objections with no detailed elaboration to the document requests as a group and to each document request individually. Filing 159 at 2–4; Filing 193 at 1–7. Rock Place's somewhat more specific objections to the burdensomeness of the document requests in the materials submitted before the October 8, 2024, conference, *see* Filing 198-6 at 10–15, were too late. Rock Place's objection to Judge Nelson's finding of a waiver based on blanket objections is overruled.

### D.  Other Issues

The Court's conclusion that Judge Nelson did not clearly err in finding a waiver of Rock Place's objections to the document requests in the Rule 30(b)(6) deposition notice makes it unnecessary for the Court to address other issues raised by the parties. Nevertheless, the Court cautions the parties that just because Rock Place waived its objections does not mean that Rock Place has to produce documents that it does not have. The Court strongly suggests that both parties conduct the Rule 30(b)(6) deposition in light of the fact that Mr. Haffke has not owned the company since 2022 and is unlikely to have documents relevant to any issue in this case after that date. As set out above, SID 596 explained that the "key issue" was determining what documents already produced are responsive to each request for production. *See* Filing 201 at 6:1–22. Also, SID 596 has stated that it wants the requested documents present during the deposition "so that the deponent could use them to refresh recollection and refer to them in identifying which documents respond to which document request." Filing 209 at 4. Furthermore, Judge Nelson understood that SID 596's counsel had "indicated that he's hoping to untangle this by utilizing the documents were previously been produced [sic] and to be able to ask questions

17

about that. . . ." Filing 201 at 16:3–8. It is difficult for the Court to imagine that many documents beyond those already produced will actually be relevant to the Rule 30(b)(6) deposition. Moreover, the Court specifically affirms Judge Nelson's ruling that Rock Place is not required to produce again documents it has already produced, but only to identify them the best that Rock Place can to assist SID 596 in determining during the deposition which documents are responsive to which document requests. *See* Filing 201 at 16:1–8. The Court expects the parties to prepare for and conduct the Rule 30(b)(6) deposition keeping in mind that the Federal Rules of Civil Procedure including the discovery rules "should be construed, and administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1.      Rock Place's Objections to Magistrate Judge's Order, Filing 203, are overruled; and

2.      the Magistrate Judge's oral ruling on the record, *see* Filing 201, and memorialized in an Order, Filing 198, is affirmed, including the ruling that Rock Place does not have to produce again documents that it has already produced.

Dated this 23rd day of December, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge

18